# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6693 | **DATE** | 11/10/2011 |
| **CASE TITLE** | USA vs. Felipe Padilla (#17303-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Felipe Padilla's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Section 2255) [1] is denied. The court also notes that, apart from the habeas motion, Padilla references the issue of "crack sentencing disparity." (Mot. 4). The court will liberally construe Padilla's contention as a request for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c). The Government is given until December 2, 2011 to file a response to Padilla's request for a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines regarding crack cocaine offenses.

■[ For further details see text below.]                                                            Docketing to mail notices.

## STATEMENT

     This matter is before the court on Felipe Padilla's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Section 2255). Since Padilla is proceeding *pro se*, the court has liberally construed his motion. On December 7, 2006, in case number 04 CR 784, Padilla was sentenced by this court to 327 months of imprisonment. Padilla appealed his sentence, and on April 22, 2008, the Seventh Circuit vacated Padilla's sentence and remanded the case for re-sentencing in order to give the court an opportunity to reconsider the sentence in light of the decision in *Kimbrough v. United States*, 552 U.S. 85 (2007). On March 25, 2009, Padilla was again sentenced by this court to 327 months of imprisonment. On March 30, 2009, an amended judgment was entered, which did not alter the term of imprisonment. Padilla appealed his sentence, and on September 10, 2010, the Seventh Circuit affirmed Padilla's sentence. On September 22, 2011, over a year after the Seventh Circuit's ruling, Padilla filed the instant Section 2255 motion, seeking to vacate his sentence.

     Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set

| STATEMENT |
|---|

aside or correct the sentence." 28 U.S.C. § 2255(a). The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

In the instant motion, Padilla contends that his trial counsel and appellate counsel were ineffective. Padilla argues that his trial counsel failed to have an independent party test the contraband in question or contest the accuracy of certain lab reports. Padilla contends that such a test would have shown that the substance was powder cocaine instead of cocaine base. Padilla contends that the contraband was destroyed before any independent test was requested by his trial counsel. Padilla also argues that his trial counsel should have played certain recordings for the court in support of his defense. However, disagreements with strategic decisions made by his trial counsel during the preparation of Padilla's defense do not show that his trial counsel was ineffective. *See Gentry v. Sevier*, 597 F.3d 838, 851 (7th Cir. 2010)(stating that "trial strategies are generally left to the discretion of counsel and second-guessing strategic decisions in hindsight will generally not be a meritorious basis to find ineffective assistance of counsel").

In addition, although Padilla now contends that his counsel was not adequately representing him, Padilla decided to voluntarily plead guilty in this action. Padilla was asked at his change of plea hearing by the court if anyone forced him in any way to plead guilty and he responded: "No sir." (Tr 17). Padilla was asked at his change of plea hearing by the court if anyone threatened him in any way to cause him to plead guilty, and he responded: "No sir." (Tr 17). Padilla was asked at his change of plea hearing by the court if any promises had been made to him to cause him to plead guilty, and he responded: "No sir." (Tr 17-18). Padilla was asked at his change of plea hearing by the court if his decision to plead guilty was entirely voluntary, and he responded: "Yes sir." (Tr 17). Padilla now argues that his counsel failed to object when Padilla "entered upon a plea even when [he] denied all elements of the crime charged, specifically, denying substance was Cocaine Base." (Mot. 2). However, at the change of plea hearing, Padilla was asked to state

| STATEMENT |
|---|

what he did in committing the crime and Padilla did not contest the Government's prior assertion at the hearing that Padilla possessed crack cocaine. (Tr. 19-21). Padilla did not indicate at any time during the change of plea hearing that he denied all elements of the charge against him as he now contends. The instant motion is merely Padilla's dissatisfaction after the fact in regard to his plea of guilty. Padilla did not raise any of the arguments in the instant motion at his change of plea hearing. Therefore, the instant Section 2255 motion is dismissed, and the Clerk of Court is directed to notify Padilla of this ruling.

The court also notes that, apart from the habeas motion, Padilla references the issue of "crack sentencing disparity." (Mot. 4). The court will liberally construe Padilla's contention as a request for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c). The Government is given until December 2, 2011 to file a response to Padilla's request for a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines regarding crack cocaine offenses.