# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6693 | **DATE** | 1/3/2012 |
| **CASE TITLE** | USA vs. Felipe Padilla (#17303-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's request for a certificate of appealability is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Felipe Padilla's (Padilla) request for a certificate of appealability. On November 10, 2011, this court dismissed Padilla's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 (Section 2255 Motion). On December 15, 2011, Padilla filed a notice of appeal, which operates as a request for a certificate of appealability. *See West v. Schneiter*, 485 F.3d 393, 394-95 (7th Cir. 2007)(stating that "[a] notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application").

Pursuant to 28 U.S.C. § 2253(c), if a court denies a motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255, and the petitioner wishes to appeal the denial, the petitioner must first attempt to obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c); Rule 11(a) of the Rules Governing Section 2255 Proceedings; *Vitrano v. United* States, 643 F.3d 229, 232 (7th Cir. 2011)(indicating that proper procedure is to seek a certificate of appealabilty from the district court before seeking it from the appellate court). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that)

| STATEMENT |
|---|

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). When a petitioner's request is premised solely upon the filing of a notice of appeal, the petitioner "is hard put to meet the statutory standard. . . ." *West*, 485 F.3d at 394-95 (stating that "[a] notice of appeal does not give reasons, and a silent document rarely constitutes a substantial showing of anything")(internal quotations omitted).

Padilla contended in his Section 2255 Motion that his trial counsel and appellate counsel were ineffective. However, as indicated in the court's prior ruling, Padilla's arguments related to strategic decisions made by his trial counsel during the preparation of Padilla's defense and Padilla did not show that his trial counsel was ineffective. *See Gentry v. Sevier*, 597 F.3d 838, 851 (7th Cir. 2010)(stating that "trial strategies are generally left to the discretion of counsel and second-guessing strategic decisions in hindsight will generally not be a meritorious basis to find ineffective assistance of counsel"). Nor did Padilla show that his appellate counsel was ineffective for deciding not to raise on appeal issues concerning trial counsel's effectiveness. In addition, as the court indicated in its prior ruling, Padilla decided to voluntarily plead guilty in this action, and he did not raise any of the arguments made in the Section 2255 Motion at his change of plea hearing. Padilla has not made a substantial showing of the denial of a constitutional right. Nor has Padilla shown that reasonable jurists could debate whether the Section 2255 Motion should have been resolved in a different manner or that the issues presented in the Section 2255 Motion deserve encouragement to proceed further on appeal. Therefore, the request for a certificate of appealability is denied.